IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLLIN D. ANDERSON<br>    Plaintiff, | §<br>§<br>§ | CIVIL ACTION NO: 4:17-cv-02567 |
| v. | §<br>§ | |
| BLUESTEM BRANDS, INC. D/B/A<br>FINGERHUT,<br>    Defendant. | §<br>§<br>§ | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, COLLIN D. ANDERSON files this Original Complaint against Defendant, BLUESTEM BRANDS, INC. D/B/A FINGERHUT and would respectfully show as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Texas Debt Collection Act, (hereafter "TDCA"), TEX. FIN. CODE §392 and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## PARTIES

1. Plaintiff, COLLIN D. ANDERSON (hereafter "Plaintiff") is a Texas resident with her principal place of residence in Houston, Texas.

2. Defendant, BLUESTEM BRANDS, INC. D/B/A FINGERHUT (hereafter "Defendant") is a foreign corporation with its principal place of business in Minnesota.

3. Defendant may be served with summons by serving its registered agent for process at the following address:

   Bluestem Brands, Inc. d/b/a Fingerhut
   c/o Registered Agent, CT Corporation System, Inc.
   1010 Dale Street North
   St. Paul, MN 55117

## JURISDICTION AND VENUE

4. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

5. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

6. Venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

7. Plaintiff is an individual residing in Harris County, Texas and is a consumer as defined by TEX. FIN. CODE § 392.001(1).

8. Defendant is a foreign profit corporation with headquarters in Minnesota and does business throughout the state of Texas, including Harris County, Texas.

9. Defendant is a "creditor," as defined by TEX. FIN. CODE § 392.001(3) and does business throughout the state of Texas, including Harris County, Texas.

10. Defendant is a "person" subject to regulations under 47 U.S.C. § 227(b)(1).

11. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in Harris County, Texas, by the Defendant's placing of telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt.

12. Defendant, at all material times, was attempting to collect a debt relating to a Fingerhut Account.

13. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the TDCA, Tex. Stat. §392.001(2).

14. In or about November, 2016, Plaintiff received a phone call from Defendant to collect a debt. During the telephone call, Plaintiff advised Defendant to stop calling her cell phone and revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication.

15. On January 8, 2017, Plaintiff verbally advised Defendant for the second time to stop calling her cellular telephone.

16. Plaintiff is the regular user and carrier of the cellular telephone number ending in -6867 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

17. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted on in or about November, 2016.

18. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone up to two (2) times per day from the date of Plaintiff's revocation in or about November, 2016, through the filing of this complaint.

19. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

20. The following phone numbers, including, but not limited to, 800-233-3588, 844-349-8935, 844-669-7910, 844-761-0812, are phone numbers Defendant used to call Plaintiff's cellular telephone.

21. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

22. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

23. Plaintiff did not speak with a representative during some of the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

24. Some of the representatives who called Plaintiff's cellular telephone sounded like an artificial or pre-recorded voice.

25. Plaintiff did not initiate any communications.

26. The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking her consent.

27. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

28. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

29. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE TDCA, TEX. FIN. CODE § 392

30. Plaintiff incorporates all allegations in paragraphs 1-29 as if stated fully herein.

31. Defendant violated the TEX FIN. CODE § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

32. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone.

33. Defendant's acts, as described above were done intentionally with the purpose of harassing Plaintiff.

## COUNT II
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

34. Plaintiff incorporates all allegations in paragraphs 30-33 as if stated fully herein.

35. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

36. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

37. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

38. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

WHEREFORE PREMISES CONSIDERED, Plaintiff, COLLIN ANDERSON, demands judgment against Defendant, BLUESTEM BRANDS, INC. D/B/A FINGERHUT, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to TEX. FIN. CODE § 392.403(e);

    c. pursuant to TEX. FIN. CODE § 392.403(a)(1), injunctive relief of the above violations;

      d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the TEX FIN. CODE § 392.403(b), costs of the action, together with reasonable attorney's fees incurred by Plaintiff;

      e.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's revocation;

      f.      an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

      g.      any other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

39.    Plaintiff demands a jury trial under the provisions of Federal Rule of Civil Procedure 38(b).

Dated: August 22, 2017.

Respectfully submitted,

The Vethan Law Firm, PC

By: /s/ Charles M.R. Vethan
Charles M. R. Vethan
Attorney-in-Charge
Texas Bar No. 00791852
Southern District Bar No: 19566
Email: edocs@vwtexlaw.com

Of Counsel:

The Vethan Law Firm, PC
3501 Allen Parkway
Houston, Texas 77019
Telephone: (713) 526-2222
Telecopier: (713) 526-2230

*ATTORNEY FOR PLAINTIFF*